# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Jerilyn A. Lubitz

v.

Wells Fargo Bank, N.A., et al.

September 20, 2012

Case No. CL12-3800

By Judge A. Bonwill Shockley

This case comes before the Court on Plaintiff's Motion to Reconsider. The Court denies the motion for the reasons stated below.

Plaintiff filed her initial complaint on July 16, 2012. She sought an emergency injunction prohibiting the foreclosure sale of her property. Defendant filed a demurrer arguing that Plaintiff was attempting to disguise a HAMP claim and, since HAMP provides no private cause of action, the Complaint should be dismissed. The Court heard arguments on July 19. That same day, the Court entered a final order denying the preliminary injunction and dismissing the case with prejudice. Plaintiff filed her Motion for Reconsideration on August 9.

The Virginia Supreme Court issued an opinion in April in *Mathews v. PHH Mortg. Corp.*, 283 Va. 723, 724 S.E.2d 196 (2012), a case involving a lender allegedly violating HUD regulations. The Court found that the plaintiff could enforce certain HUD regulations against the lender because the deed of trust incorporated those regulations through specific language. The language that the Court found relevant is:

> (a) Default. Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:
> (i) Borrower defaults by failing to pay in full any monthly payment required by this Security instrument prior to or on the due date of the next monthly payment. . . .

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit [the l]ender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by the regulations of the Secretary.

*Id.* at 734.

The deed of trust in the current case does not have the same language. The most similar provision is the statement on page 13 that:

If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this security instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.

The deed of trust on page 3 defines Applicable Law as "all controlling applicable federal, state, and local statutes, regulations, ordinances, and administrative rules and orders (that have the effect of law) as well as all applicable final non-appealable judicial opinions."

This language is not similar enough to the *Mathews* case to require any reconsideration. The language in *Mathews* expressly incorporates the HUD regulations. The language in the current case only incorporates all applicable law. This is a significant difference for two reasons. First, the HUD regulations are not applicable law because they are not "controlling" or "applicable." *Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 944 (E.D. Va. 2010). ("HUD regulations do not provide the Plaintiff with a private right of action.")

Second, "contracts are generally understood to incorporate only those laws which exist at the time of formation." *Condel v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 93206, 24 (E.D. Va. July 5, 2012). The only federal law that Plaintiff refers to is 12 U.S.C. § 5219. This section was enacted in 2008. The deed of trust was signed in 2007. As a result, even if § 5219 applied, it could not have been incorporated through the "all applicable law" clause because it was not in existence at the time that the contract was made.

Since Plaintiff's deed of trust does not contain the language the Court found dispositive in *Mathews*, her Motion for Reconsideration is denied.